UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Juan Felipe Sanchez                    Case No.: 03-22238 CIV HUCK

    Plaintiff,
v.

Impex Cargo Express, Inc.
Edgar Nivias
Jorge Arias
    Defendant.
_____/

DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION, FAILURE
TO STATE A CAUSE OF ACTION, AND MOTION FOR MORE DEFINITE
STATEMENT

Defendant by and through its undersigned counsel, moves to dismiss Plaintiff's Complaint, and in support thereof states:

PROCEDURAL AND FACTUAL HISTORY

Plaintiff brought this action before this Court on or about August of 2003. At about the same time, Plaintiff sued Defendants in State Court under two separate lawsuits for negligence and for retaliatory discharge. Plaintiff has sued Impex Cargo Express a d/b/a for Impex Cargo, Inc. and two employees of the company in their individual capacity.

A. MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CAUSE OF ACTION OVER THE INDIVIDUAL DEFENDANTS

1. Plaintiff sues Defendants, Edgar Nivias and Jorge Arias, in their individual capacity based on the Fair Labor Standard Act 29 USC 201-206.

2. The Complaint is based on failure by the Defendant Corporation to allegedly pay overtime to Plaintiff.



3. The Complaint further states that the Corporate Defendant was the employer of Plaintiff and that Defendant Nivias and Arias were the corporate officers of the corporate defendant who run the day to day operations of the corporation and who allegedly were responsible for paying Plaintiff's wages for the relevant time period.

4. The complaint does not allege in any way that Plaintiff was the employee of the individual defendants.

5. Defendant Arias was a director of the defendant corporation and Defendant Nivias was a general manager of the defendant corporation.

6. The purpose of a corporation is to provide a veil of protection to its officers, directors and shareholders, unless there is evidence that the corporation is not treated as a separate entity by the above stated individuals. Plaintiff has not plead this.

7. Plaintiff has not stated a reason either as to why the corporate veil should be pierced in this particular situation or as to how the Fair Labor Standards Act allow for liability to be imposed on the corporate officers who were allegedly responsible for paying the Plaintiff's wages.

8. Plaintiff's complaint, on the other hand, alleges that the entity responsible for payment of wages was the corporate defendant.

WHEREFORE, The individual defendants request that they be dismissed as defendants in this Complaint.

## B. MOTION FOR MORE DEFINITE STATEMENT

9. Plaintiff has sued Impex Cargo Express, Edgar Nivias and Jorge Arias for failure to abide by the Overtime rules of the Fair Labor Standards Act.

10. Plaintiff in Count 2 and 3 states how this court has personal jurisdiction over the corporate defendant but does not states how personal jurisdiction is acquired over the individual defendants.

11. Defendants cannot respond to such vague, misleading and ambiguous pleading since they are unsure as to how this court has personal jurisdiction over the individual defendants.

WHEREFORE, Defendants demand a more definite statement as to how this court has jurisdiction over the individual defendants.

C. MOTION TO DISMISS FOR LACK OF JURISTICTION OVER INDIVIDUAL DEFENDANTS NIVIAS AND ARIAS.

12. Plaintiff is his complaint states that the corporate defendant regularly transacts business in Dade County.

13. Plaintiff however does not state how this court has jurisdiction over the individual defendants (i.e. are they resident of Miami-Dade County?, etc.)

WHEREFORE, Defendants demand that this Court dismiss the individual defendants from the Complaint for Lack of Jurisdiction over both individual defendants.

D. MOTION TO STRIKE PLAINTIFF'S DISCOVERY

14. Plaintiff along with his Complaint has filed a Request for Admissions, Request for Production and Interrogatories.

15. Plaintiff has filed this even though Rules of Federal Procedure state that discovery may only be had by leave of court or by stipulation of the parties (which has not occurred) before the time specified in Rule 26(d) occurs.

16. Plaintiff has filed his discovery prematurely and should be stricken.

WHEREFORE, Defendants respectfully requests that this Court enter an Order striking Plaintiff's discovery for failure to abide by the time set in Rule 26(d).

Pursuant to Rule 7.1, the corporate defendant is not owned by a publicly held corporation nor by a parent corporation.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion has been served by US mail upon Attorney J.H. Zidell, Attorney for Plaintiff, 300 71st Street, #605, Miami Beach, Florida 33141 on September 9, 2003.

Roberto Matus, Esq.
Florida Bar No. 11071
Counsel for Defendant
Law Offices of Roberto Matus, P.A.
600 Brickell Avenue, Suite 701
Miami, Fl. 33131
(305)374-6700